Diane MILLER, Appellant

v.

John K. WEINSTEIN, Treasurer,
County of Allegheny;
Allegheny County.

No. 08–4246.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 30, 2009.

Filed: Nov. 9, 2009.

Timothy P. O'Brien, Esq., John E. Stember, Esq., Stember Feinstein, Pittsburgh, PA, for Appellant.

Jake S. Lifson, Esq., Stacey F. Vernallis, Esq., Goehring, Rutter & Boehm, Caroline P. Liebenguth, Esq., Michael H. Wojcik, Esq., Law Department, Pittsburgh, PA, for John K. Weinstein, Treasurer, County of Allegheny; Allegheny County.

Before: SMITH, FISHER, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Diane Miller appeals the decision of the District Court granting summary judgment in favor of both Allegheny County and John K. Weinstein, who is the Treasurer of Allegheny County. Because our

opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court and declare this appeal to be wholly frivolous.

■ Miller, a Christian, argues that Weinstein and Allegheny County violated the Free Exercise Clause of the First Amendment of the Constitution because Weinstein fired her for observing the Christian holiday of Good Friday in 2005. Yet, Miller acknowledges that she was not discharged for her religious observance. Instead, her own testimony points to an inflammatory email that she wrote to Weinstein, after the fact, as the cause of her dismissal. The District Court properly distinguished Miller's email from her religious observance conduct. Moreover, we find her claims meritless that disciplinary action in the form of a reprimand letter and a threat of docked pay for her unexcused absence from work on Good Friday substantially burdened her free exercise of religion. For these reasons, the District Court did not err in dismissing this claim.

■ Miller also contends that Weinstein and Allegheny County violated the Free Speech Clause of the First Amendment by firing her in retaliation for the email that she sent to Weinstein complaining about losing a day's pay for her unexcused absence on Good Friday. We disagree. In the email Miller complained of the docking of her pay, which is a matter of private concern that is not subject to First Amendment protection. Moreover, the defendants were justified in viewing the remainder of the email as a potential criminal violation, given Miller's offer of a bribe

in exchange for the return of her docked pay.[1] Therefore, we conclude that the District Court properly ruled that there was no need to even engage the balancing test established in *Pickering v. Board of Education*, 391 U.S. 563, 574, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

■ Regarding Miller's claim that defendants violated her rights under the Petition Clause of the First Amendment, there is no question that Miller's email does not constitute a "petition" sufficient to evoke the protections of this clause. With regard to her official grievances filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and other previous grievances, the District Court correctly distinguished Miller's pure speculation from the favorable inferences of facts required at summary judgment. The record was devoid of any evidence of a causal link between her grievance claims and her termination. Temporal proximity alone is insufficient. The District Court properly dismissed the claim.

■ Finally, Miller's political patronage discrimination claims are also meritless. As with her Petition Clause claim, Miller's assertion that her failure to buy a $250 fund-raiser ticket caused her employment termination is supported only by imagined connections rather than bona fide inferences of facts on the record.

For all of these reasons, we will affirm the order of the District Court.

Miller's words in her email.

---

1. We acknowledge that Miller's pay was never, in fact, docked. We refer here only to